IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| PATRICK DRAKE, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:05-CV-0177 |
| § | |
| DOUGLAS DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

# REPORT AND RECOMMENDATION
# TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner PATRICK DRAKE. By his habeas application, petitioner challenges a January 3, 2005 prison disciplinary proceeding wherein petitioner was found guilty of the disciplinary offense of failing to accept a housing assignment. Petitioner was punished with the forfeiture of 45 days previously accrued good time credits.[1]

Following the finding of guilt in the disciplinary proceeding, petitioner filed a Step 1 grievance which was denied on January 18, 2005. Petitioner's Step 2 grievance was denied on February 9, 2005. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DISMISSED.

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

HAB54\DISCIP\R&R\DRAKE-P177.EXH&NOTCOG:3

I.
## STATE COURT CONVICTION

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a February 29, 1992 judgment and sentence out of the 292nd Judicial District Court of Dallas County, Texas for the offense of burglary of a building.

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20050121369 in the following respects:

1.  Petitioner was denied due process because he was placed in pretrial detention and not allowed to interview witnesses or obtain witness statements;

2.  Petitioner was denied due process because he was convicted solely on the hearsay testimony of the charging officer;

3.  Petitioner was denied equal protection because officer Head was allowed to continue to harass, threaten and intimidate petitioner;

4.  Petitioner's rights were violated because no video of the disturbance was made in violation of prison procedure; and

5.  Petitioner's civil rights were violated by the prison subjecting him to cruel and unusual punishment in that the deliberate indifference of prison officials has resulted in reckless endangerment.

III.
EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. 28 U.S.C. § 2254 also provides that an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c). *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[2]

As stated previously, petitioner filed Step 1 and Step 2 grievances in an attempt to appeal the finding of guilt through the prison or TDCJ grievance procedure. Such grievances were denied on January 18, 2005 and February 9, 2005 respectively. However, nowhere in such "appeals" did petitioner raise the allegations asserted in Grounds 1, 2 and 4 of this petition. The crux of his argument in both "appeals" appears to be that he refused a housing assignment due to his belief that he was in danger and had repeatedly requested protective custody. It appears to the Court that Grounds 1, 2 and 4 were never exhausted and that he is now procedurally barred, by TDCJ time limits, from presenting his claims to state authorities. For this reason, petitioner's claims in

---

[2]At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

Grounds 1, 2 and 4 should be dismissed for failure to exhaust.

## IV.
## GROUNDS 3 AND 5 ARE NOT COGNIZABLE IN HABEAS CORPUS

Petitioner also asserts claims that he was denied equal protection because officer Head was allowed to continue to harass, threaten and intimidate him (Ground 3), and that his civil rights were violated by the prison subjecting him to cruel and unusual punishment in that the deliberate indifference of prison officials has resulted in reckless endangerment (Ground 5). Both of these claims allege civil rights violations pursuant to 42 U.S.C. § 1983 and are not cognizable in a federal habeas corpus action. For this reason, petitioner's Grounds 3 and 5 should be dismissed.

## IV.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner PATRICK DRAKE is without merit and should be, in all things, DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of September 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).